Viktor ADEMI, Petitioner,

v.

Alberto GONZALES, Respondent.

No. 04–4169.

United States Court of Appeals,
Second Circuit.

Feb. 2, 2006.

Charles Christophe, New York, NY, for Petitioner.

Maarten Vermaat, Assistant United States Attorney (Margaret M. Chiara, United States Attorney for the Western District of Michigan, on the brief), United States Attorney for the Western District of Michigan, Marquette, MI, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be and hereby is **DENIED.**

Viktor Ademi, a native and citizen of Albania, petitions for review of a July 15, 2004 Order of the BIA affirming without opinion a May 20, 2003 decision of an immigration judge ("IJ") denying Ademi's requests for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT").[1]

We assume the parties' familiarity with the underlying facts and procedural history.

Ademi testified before the IJ that Ademi's father had been jailed for opposing Albania's former Communist government and that Ademi became active in Albanian politics around 1990 as a member of the Democratic Party. He said that after he helped thwart an attack on Albania's president in 1997 while serving as a policeman, the would-be assassin threatened reprisals against him and his family and enjoyed the backing of the Socialist Party. Following other incidents—including losing his job after the Socialists took power and finding his dog poisoned following his participation in protests against Socialist election fraud—Ademi moved with his wife and family to Tirana, the Albanian capital, for safety. He later learned that police had been asking about him in his hometown.

The IJ made an adverse credibility finding based upon various inconsistencies and implausibilities in Ademi's testimony. Because Ademi was the sole witness at his hearing and did not provide documentary evidence related to his core claims of persecution, the IJ accordingly found that the adverse credibility finding compelled the rejection of Ademi's claims for relief.

When the BIA affirms an IJ's decision without opinion, we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). On review, we accept the factual findings of an IJ "unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B), and apply the "substantial evidence" standard. *See, e.g., Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) ("A court reviewing the determinations of an administrative agency for 'substantial evidence' must defer to the factfinder's findings based on 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59

---

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; *see also* 8 C.F.R. § 1208.16 (regulations implementing the CAT).

S.Ct. 206, 83 L.Ed. 126 (1938).").  We are especially deferential when reviewing adverse credibility determinations.  *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004).

Here, we find that the IJ's decision was based upon substantial evidence.  The IJ pointed to specific inconsistencies with direct relevance to Ademi's claim.  For example, he concluded that a card Ademi proffered as evidence of membership in the Democratic Party was likely fraudulent because Ademi testified inconsistently as to when he received it and the quantity of party dues.  The IJ also found implausible that Ademi, fearing for his family's safety in his hometown, would nonetheless leave his elderly parents there and allow his wife to return there.

While we may not agree with every finding of the IJ, we cannot conclude that "any reasonable adjudicator would be compelled" to believe Ademi's story.  We therefore decline to disturb the IJ's denial of asylum.  Because Ademi lacks the well-founded fear of persecution needed to qualify for asylum, he cannot qualify for withholding of removal.  *See Abankwah v. INS*, 185 F.3d 18, 22 (2d Cir.1999).  The IJ's finding that Ademi has no credible fear of persecution also supports the denial of Ademi's CAT claim.

\*     \*     \*     \*     \*     \*

For the foregoing reasons, the petition for review is **DENIED.**

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).